UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY J. BRITTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17 CV 1956 DDN |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Deputy Commissioner of Operations, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before the Court on the motion of defendant Deputy Commissioner of Operations of Social Security, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's order dated September 11, 2018, reversing and remanding the decision of the Commissioner. For the reasons set forth below, defendant's motion is denied.

## I. BACKGROUND

On September 11, 2018, this Court ordered that the final decision of the Commissioner be reversed and remanded for further proceedings under 42 U.S.C. § 405(g), ordering that:

> the Commissioner must obtain and consider further information regarding: (1) the jobs available to plaintiff, specifically, the jobs' consistency with plaintiff's residual functional capacity in terms of required reaching; (2) the inconsistencies between the Dictionary of Occupational Titles and the Vocational Expert testimony identified in the Memorandum; (3) the impact of plaintiff's pain medication on working as a surveillance-system monitor; and (4) the number of jobs available either in the region where plaintiff lives or in several regions of the country.

(Doc. 22).

Defendant now moves to alter or amend the September 11 order pursuant to Federal Rule of Civil Procedure 59(e), asking the Court to affirm the ALJ's decision as supported by substantial evidence. Alternatively, defendant asks the Court to remove consideration of an extra-record article and remove the language ordering the Commissioner to develop the record regarding the regional availability of the jobs cited by the vocational expert. (Doc. 23). Plaintiff responds to the motion, arguing that defendant's motion fails to satisfy the requirements under Rule 59(e). (Doc. 24). Defendant did not file a reply.

## II. **DISCUSSION**

This court has broad discretion in deciding whether to grant a motion under Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions seek a substantive change in a judgment. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1432 (8th Cir. 1992). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative*, 141 F.3d at 1286. They cannot be used to introduce new evidence, offer new legal theories, or raise arguments that could have been raised before the entry of judgment. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Thus, arguments and evidence that could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion. *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1057 (8th Cir. 2002).

Defendant's arguments do not provide grounds for relief from this Court's order because defendant has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law.

Defendant argues that this Court should affirm the ALJ's decision as supported by substantial evidence. Defendant does not identify any particular error of law or fact by

this Court in support of its position and seems primarily to be arguing that the Court erred in relying on an article outside the administrative record. Defendant did not raise this argument earlier in the proceedings, even though plaintiff produced this article as an exhibit to his brief, and his brief discussed it in detail. (Doc. 13, Ex. 1). Instead, in its cross-brief, defendant argued that plaintiff failed to timely present this article before the Appeals Council. (Doc. 18 at 6-7). Defendant also argued that the journal article did not impeach the VE's testimony because it did not exist at the time the VE testified. *Id*. Defendant never argued that this Court was entirely precluded from considering any aspect of the article simply because the article was outside the administrative record. Arguments that could have been raised earlier in the proceedings should not be the basis for granting a Rule 59(e) motion. *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933; *Peters*, 277 F.3d at 1057.

Moreover, contrary to defendant's interpretation, the Eighth Circuit does not impose a categorical ban on considering extra-record materials. Generally speaking, a court is precluded from considering evidence outside the administrative record in judicial review of cases arise under the Social Security Act. *Delrosa v. Sullivan*, 922 F.2d 480, 483 (8th Cir. 1991). However, courts may take judicial notice of materials that "do not present new evidence on a disputed question of fact." *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999). These include "judicial opinions, treatises, law review articles, public records, and the like . . . in support of a legal theory that was raised in the trial court." *Id*.

In this case, the Court took judicial notice of the article as a treatise or law review article, which plaintiff cited in support of his legal theory that the ALJ failed to consider whether the side-effects of plaintiff's pain medication would impact plaintiff's ability to perform surveillance system monitor positions in the *current* economy. (Tr. 850-51.) In *Baker v. Barnhart*, the Eighth Circuit held that the district court abused its discretion in relying on an extra-record article, characterized by the district court as a treatise, because that article only made brief conclusions without methodical discussions; was not published in a peer-reviewed journal; and was written by an employer of a company that

promoted a specific testing methodology contrary to the one relied on by the ALJ. 457 F.3d 882, 891-92 (8th Cir. 2006). In contrast, the article presented by plaintiff and relied on by the Court in this case was from a peer-reviewed journal published by the American Board of Vocational Experts, the professional credentialing body of vocational experts; was written as a disinterested and academic examination of the law; contains thorough discussions of its methodology; makes specific factual findings based on the evidence surveyed; and discusses the resulting policy ramifications. (Tr. 859-869.) The article relied on by this Court is therefore clearly distinguishable from the one rejected by the Eighth Circuit in *Baker*.

The Court did not rely exclusively on the article in ordering the remand. The bases for the Court's remand were its conclusions that the ALJ failed to identify and resolve discrepancies between the VE's testimony and the DOT (Doc. 21 at 7); that the ALJ failed to properly consider the effects of drowsiness-producing Tramadol on plaintiff's ability to work as a surveillance-system monitor (Doc. 21 at 9); and that the ALJ erred in relying on the VE's testimony regarding job-incidence data that did not include regional numbers (Doc. 21 at 10-11). Therefore, even if the Court were to discard any consideration of the article, it would still remand on independent grounds.

To the extent defendant argues that the Court should nevertheless remove consideration of the extra-record article in its memorandum opinion, Rule 59(e) motions are used to change the substance of the judgment, not its particular reasoning. *See BBCA, Inc.*, 954 F.2d at 1432. The Court's judgment does not require any action related to the article; it simply requires the Commissioner to "obtain and consider further information regarding: . . . (2) the inconsistencies between the Dictionary of Occupational Titles and the Vocational Expert testimony identified in the Memorandum; (3) the impact of plaintiff's pain medication on working as a surveillance-system monitor[.]" (Doc. 22). Defendant's request goes only to the reasoning of the Court's opinion and not the substance of the judgment. Because defendant does not request any substantive changes to the Court's judgment, the Court is not required to grant defendant's motion in this regard.

Defendant requests this Court to remove the language ordering the Commissioner to develop the record regarding the regional availability of the jobs cited by the vocational expert. Defendant already raised this argument in the prior proceedings (Doc. 18), which this Court rejected (Doc. 21 at 10-11). Again, Rule 59(e) serves a limited function by allowing a court to correct its own manifest errors of law or fact. *Innovative*, 141 F.3d at 1286. It is not an occasion for a party to raise arguments that could have been raised earlier, let alone to restate arguments already raised and rejected.

Even if this Court were to consider defendant's argument, there is still no merit in defendant's assertion that an abstract national number of the availability of jobs alone satisfies the requirement that a significant number of jobs exists in the national economy. The regulation provides that "significant numbers in the national economy" is not a total figure for the country, but rather whether there are significant numbers "either in the region where you live or in several regions in the country." 20 C.F.R. § 404.1560(c)(1). This is exactly the same as the statute, which provides: "work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

A national figure does not satisfy congressional intent. In *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988), cited approvingly by *Jenkins v. Bowen*, 861 F.2d 1083 (8th Cir. 1988), the Sixth Circuit noted that in first enacting the language specifying the requirements for "work which exists in the national economy," Congress recognized that there might be "a type or types of job that exist . . . in relatively few geographic locations[.]" *Id.* (citation omitted). Therefore, it is entirely possible that a large national, total number might exist for a particular job, but it would still fall below the "significant number of work which exists in the national economy" requirements because the job is concentrated in few and isolated geographic locations, and not in several regions of the country or where the plaintiff lives. Defendant's argument in this regard thus also fails.

For the above reasons, the Court concludes that defendant's motion to alter or amend the September 11, 2018 order is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to alter or amend the court's order dated September 11, 2018 (Doc. 23) is **denied**.

               /S/   David D. Noce\_\_\_ _____
               **UNITED STATES MAGISTRATE JUDGE**

Signed on October 24, 2018.